**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAREEM J. STANSBURY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, et al. | : | No. 18-2022 |
| Respondents. | : | |

### RESPONSE TO MOTION FOR RULE 60(b) RELIEF

Petitioner Kareem J. Stansbury has filed a motion for relief under Fed. R. Civ. P. 60(b).  ECF No. 89.  The Commonwealth agrees that Stansbury should receive Rule 60(b) relief: this Court's denial of Stansbury's speedy-trial claim rests on a mistake, so the judgment should be reopened for the limited purpose of further proceedings on that claim.

### BACKGROUND

Kareem Stansbury was arrested in March 2014 and charged with the attempted murder of Rachel Ostrow and Abdul Scott, among other offenses.  ECF No. 1 at 22.   After a January 2016 mistrial, a Pennsylvania jury convicted Stansbury on all counts in May 2016, and the trial court sentenced him to 35 to 70 years in prison.

Stansbury appealed, *pro se*.[1]  His statement of matters complained of on appeal, *see* Pa. R.A.P. 1925(b), raised 27 separate claims.  The trial court's subsequent opinion suggested that Stansbury had "waived appellate review of many of these claims" by not complying with Rule 1925, but went on to address each of Stansbury's claims.  ECF No. 31-2 at 7–8.  As relevant

---

[1]    The Commonwealth construes all of Stansbury's *pro se* filings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011).

here, Stansbury claimed that the trial court should not have denied his motion to dismiss pursuant to Pa. R. Crim. P. 600, Pennsylvania's mechanical speedy-trial rule. The trial court concluded that this claim should be denied because (1) Stansbury had not requested a Rule 600 hearing prior to trial, and (2) Rule 600 was not violated. ECF No. 31-2 at 19–21. The Pennsylvania Superior Court adopted the trial court's opinion without additional analysis. ECF No. 31-1 at 8. The Pennsylvania Superior Court denied review. *Commonwealth v. Stansbury*, 181 A.3d 1079 (Pa. 2018) (table).[2]

In March 2018, Stansbury filed a habeas petition in March 2018. *Stansbury v. Dist. Att'y of Philadelphia*, No. 18-1066 ("*Stansbury I*"), ECF No. 1. His sole claim in that petition was that he was denied his right to a speedy appeal by various post-trial delays in the state proceedings. *Id*. at 5. The magistrate judge recommended dismissing the speedy-appeal claim because (1) the claim was not exhausted in state court, and (2) the claim lacked merit. *Stansbury I*, ECF No. 33. This Court agreed, overruled Stansbury's objections, and dismissed the petition. *Stansbury I*, ECF No. 39.

Two months after filing *Stansbury I*, Stansbury filed a second petition, which is the underlying petition here. ECF No. 1. This petition raised eight claims for relief; the fourth was that the delay between Stansbury's arrest and his trials violated his speedy-trial rights under the Sixth Amendment to the United States Constitution. *Id*. at 22–23. The matter was referred to Magistrate Judge Richard A. Lloret for issuance of a report and recommendation.

---

[2]     Stansbury pursued state-court post-conviction relief on grounds not relevant here. The state courts denied relief. *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. Ct. 2019).

The Commonwealth responded.  ECF No. 31.[3]  As relevant here, the Commonwealth construed Stansbury's fourth claim to be that the trial court erred in denying his state-law Rule 600 motion.  *Id*. at 14.  The Commonwealth argued that the claim was non-cognizable (because a violation of a state-law rule does not entitle a petitioner to federal habeas relief) and procedurally defaulted (because Stansbury had not raised a speedy-trial claim based on the federal constitution in state court).  *Id*. at 14–15.

The magistrate judge recommended that the Court deny all of Stansbury's claims.  ECF No. 58.  The report and recommendation concluded that the speedy-trial claim in this petition was the same as the speedy-appeal claim in *Stansbury I*, without the benefit of briefing from the parties on that issue.  *Id*. at 10.  Because the speedy-appeal claim had been decided in the earlier proceeding, it recommended that the speedy-trial claim be dismissed.  *Id*. at 13.

Stansbury filed objections.  ECF No. 79.  In the objections, Stansbury argued that the claim in *Stansbury I* was a speedy-appeal claim, not a speedy-trial claim, so the magistrate judge had erred in recommending

---

[3]    In its response, the Commonwealth claimed that *all* of Stansbury's claims had been deemed waived by the state court, and that this holding was an independent and adequate state ground supporting procedural default.  ECF No. 31 at 10 n.3.  That position was wrong.  At most, the state court held that Stansbury waived review of "many" of his claims, not all of them.  ECF No. 31-2 at 7.  And the state court went on to analyze which claims were waived, rather than relying on a blanket statement.  *See id*. at 28.  The magistrate judge correctly declined to adopt the Commonwealth's broad position in the report and recommendation.  *See, e.g.*, ECF No. 58 at 20 (relying on state court's specific holding that an issue had been waived).

dismissal on that basis.  *Id*. at 5.  This Court overruled Stansbury's objections and adopted the report and recommendation.  ECF No. 79.

Stansbury sought a certificate of appealability, which the Third Circuit denied because the "claim concerning adjudicatory delay by the state courts was properly rejected as previously litigated and rejected by the District Court in federal habeas proceedings."  ECF No. 88 at 1.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) allows the court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  A "mistake" includes judicial errors of law or fact. *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022).

Here, the denial of Stansbury's speedy-trial claim rests on a mistake. The speedy-trial claim raised by Stansbury in this petition is not the same as the speedy-appeal claim raised and rejected in *Stansbury I*.  *Compare* ECF No. 1 at 22–33, *with Stansbury I*, ECF No. 1 at 5.  In this petition, Stansbury's complaint is about the pretrial delay—the 22 months from arrest to his first trial).  *See* ECF No. 1 at 22–33.  But his complaint in *Stansbury I* was directed at the post-trial delay—the 18 months from sentencing until the appellate court affirmed his convictions.  *See Stansbury I*, ECF No. 1 at 5 (claiming that Stansbury had been "denied a right to a reasonable speedy appeal").  These are two distinct claims arising from two different constitutional provisions, although a similar legal framework applies to both types of claims.  *See Simmons v. Beyer*, 44 F.3d 1160, 1169 (3d Cir. 1995) ("the interests at stake before trial and before appeal obviously differ," but are "sufficiently similar to warrant the same general approach").  Because the two claims are different, the Court erred in concluding that the speedy-trial claim in this petition had already been litigated in *Stansbury I*.

The Commonwealth respectfully submits that the judgment should be reopened and Stansbury's speedy-trial claim be referred to the magistrate judge for a new report and recommendation on that claim only.  Because the Court concluded that the speedy-trial claim had already been litigated, the denial of the claim rests on a faulty procedural ground rather than the merits of the underlying claim.  In these circumstances, the better course of action is to grant 60(b) relief and allow for further briefing on the speedy-trial claim.  In that briefing, the Commonwealth expects to argue that the speedy-trial claim should be dismissed because (1) Stansbury did not fairly present a federal constitutional speedy-trial claim to the state court, and (2) Stansbury has not shown that he is entitled to relief on the merits.  *See Barker v. Wingo*, 407 U.S. 514, 533 (1972) (four-factor balancing test for speedy-trial claims).[4]

\*   \*   \*

---

[4]   Stansbury has also filed a motion to stay consideration of his Rule 60(b) motion while his petition for a writ of certiorari is pending before the Supreme Court.  *See* ECF No. 90; *Stansbury v. Courley*, No. 22-5519 (U.S.).  The Commonwealth takes no position on this motion.

**CONCLUSION**

For these reasons, the Commonwealth respectfully requests that the Court grant Stansbury's motion and refer this case to the magistrate judge for a report and recommendation on whether relief should be granted on Stansbury's speedy-trial claim.

Respectfully submitted,

/s/ Peter F. Andrews
PETER F. ANDREWS
Assistant District Attorney
Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: peter.andrews@phila.gov

## CERTIFICATE OF SERVICE

I, Peter F. Andrews, certify that on September 9, 2022, a copy of this response was served by placing the same, first-class postage prepaid, in the United States mail addressed to:[5]

> Smart Communications/PADOC
> Kareem Stansbury / MS4084
> SCI – Camp Hill
> P.O. Box 33028
> St. Petersburg, FL 33733

> _/s/ Peter F. Andrews_
> Peter F. Andrews
> Assistant District Attorney
> Federal Litigation Unit
> Philadelphia District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107

---

[5]   The respondents are required by Pennsylvania Department of Corrections policy to mail this filing to the petitioner using the Smart Communications address.  Under the applicable policy, "[a]ll incoming inmate mail (other than privileged) must be sent to the Department's contracted incoming inmate mail processor," which is Smart Communications. _See_ Pa. DOC, DC-ADM 803, section 1 (C)(1). Respondents' legal filings are not "privileged" because respondents' counsel does not represent the petitioner or have any other relationship with the petitioner that would make their communications privileged. Therefore, DOC's policy prohibits the respondents from mailing documents directly to the petitioner at the address of the prison where the petitioner is in custody.