IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM J. STANSBURY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2022 |
| | : | |
| LAUREL HARRY, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                 **July 29, 2024**

Pro se Petitioner Kareem Stansbury seeks relief from his state custodial sentence pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Richard A. Lloret issued a Report & Recommendation (R&R), recommending the petition be dismissed with prejudice because Stansbury's speedy trial claim is meritless. Stansbury objects to the R&R. Because the Court finds no error in the R&R's analysis and finds Stansbury's objections meritless, the Court will overrule the objections, approve and adopt the R&R, and deny habeas relief.

## BACKGROUND

In March 2014, Stansbury was arrested and charged with the attempted murder of two individuals, among other offenses. Stansbury, proceeding pro se, went to trial on January 4, 2016, 662 days after his arrest. Defense witness Jabbar Scott was unavailable, and Stansbury did not testify in his own defense as a result. The jury was unable to reach a verdict, and the Honorable Daniel D. McCaffery declared a mistrial on January 12, 2016. Stansbury thereafter filed numerous motions and continuance requests, but he never requested a hearing pursuant to Pennsylvania Rule of Criminal Procedure 600, which provides a state speedy trial right. On May 24, 2016, Stansbury's second trial commenced. Scott and Stansbury both testified. On May 27, 2016, the second jury found Stansbury guilty of two counts of attempted murder, three counts of aggravated assault, and one count each of carrying a firearm without a license and carrying a firearm in public. On October

26, 2016, Judge McCaffery sentenced Stansbury to 35-70 years of imprisonment and seven years of probation.

Stansbury filed a timely appeal, and the trial court ordered him to file a Statement of Matters pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Stansbury raised 27 claims in his Rule 1925(b) Statement. The sixth claim asserted a violation of Stansbury's speedy trial rights. On review, Judge McCaffery analyzed the claim under Rule 600 and concluded 452 days were excludable from the speedy trial calculation.[1] Subtracting the 452 excludable days from the 662 days to trial, Judge McCaffery concluded Stansbury's trial commenced within Rule 600's 365-day limit. *Id.* at 21. Stansbury was further detained for 133 days between January 12, 2016, when Judge McCaffery declared a mistrial, and May 24, 2016, when Stansbury's second trial commenced. Judge McCaffery summarily concluded the time between trials also did not violate Stansbury's speedy trial rights under Rule 600.[2] Stansbury appealed to the Pennsylvania Superior Court and raised eight issues, including "[w]hether [Stansbury's] trials commenced in violation of the speedy trial clause?" ECF No. 31-1 at 7. The Superior Court adopted the trial court's opinion and affirmed Stansbury's sentence on April 17, 2018. Stansbury did not appeal to the Pennsylvania Supreme Court.

On March 12, 2018, Stansbury filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On the recommendation of Judge Lloret, this Court dismissed the petition

---

[1] Under Rule 600, the Commonwealth has 365 non-excludable days to bring a case to trial from the date the complaint was filed. Pa. R. Crim. P. 600(A)(2)(a). The 365-day period under Rule 600 does not run from the date of arrest, as Stansbury argues. *See* Pet'r's Pro Se Mot. Habeas Corpus Relief 6, ECF No. 108 (arguing the length of delay between the date of arrest and the date trial commenced is presumptively prejudicial).

[2] When a trial court orders a new trial and an appeal has not been perfected, the new trial must commence within 365 days of the filing date of the retrial order. Pa. R. Crim. P. 600(A)(2)(d).

without prejudice because Stansbury filed it before the Superior Court had resolved his state court appeal. On May 11, 2018, Stansbury filed a second federal habeas petition which asserted eight claims, including a Sixth Amendment speedy trial violation. ECF No. 1. This Court again dismissed the petition on Judge Lloret's recommendation, this time with prejudice. ECF No. 79. On May 12, 2022, Stansbury moved for relief pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 89. He argued the Court erroneously dismissed his speedy trial claim when it concluded the issue had already been adjudicated in his first petition. The Commonwealth conceded the error, as Stansbury's first habeas petition asserted a speedy appeal claim, *see* ECF No. 89 at 2, while his second petition asserted a speedy trial claim, *see* ECF No. 1 at 22.

On February 3, 2023, this Court granted Stansbury's Rule 60(b) motion and referred his second habeas petition to Judge Lloret for reconsideration of Stansbury's speedy trial claim. ECF No. 106. On April 25, 2024, Judge Lloret issued a third R&R recommending dismissal of the claim with prejudice. ECF No. 150. Stansbury timely filed objections on May 13, 2024. ECF No. 156. The Philadelphia District Attorney filed a response to Stansbury's objections on May 28, 2024, and Stansbury filed an additional letter brief on June 17, 2024. ECF Nos. 158, 160.

**DISCUSSION**

The R&R considered Stansbury's speedy trial claim on the merits pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972).[3] Under *Barker*, in assessing a speedy trial claim courts must consider

---

[3] Arguably, Stansbury's speedy trial rights claim is procedurally defaulted for failure to present it to the state court. *See* 28 U.S.C. § 2254(b)(1)(A). Stansbury claims he presented the claim to the state court because his Rule 1925(b) Statement asserted his "right to a speedy trial under the 6th Amendment." Pet'r's Pro Se Mot. Habeas Corpus Relief 2, ECF No. 108. But as discussed above, the state court system only considered his speedy trial claim under Rule 600. Judge Lloret, however, "indulge[d] Mr. Stansbury" and found "for the purposes of this analysis, he did fairly present this claim to the state courts in his PCRA proceedings." R&R 3-4, ECF No. 150. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. 407 U.S. at 530. After completing a *Barker* analysis, the R&R found Stansbury's speedy trial claim failed. He now objects to numerous findings and conclusions. These objections to the R&R fall into three groups: objections to (1) the scope of review, (2) the analysis of the second *Barker* factor, reason for delay, and (3) the analysis of the fourth *Barker* factor, prejudice to the defendant. The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After de novo review of the record, the R&R, Stansbury's objections, and the parties' additional briefing, the Court finds no error in the R&R's analysis and finds Stansbury's objections to be meritless. Therefore, the Court will overrule Stansbury's objections.

The Court first considers Stansbury's assertions that Judge Lloret did not use the correct standards in reviewing the speedy trial claim. According to Stansbury, Judge Lloret should have applied 28 U.S.C. §§ 2254(d)(1) and (d)(2) to the state court's analysis.[4] Obj. R&R 2, ECF No. 156. But the state court considered Stansbury's speedy trial claim under Pennsylvania Rule of Criminal Procedure 600 and did not consider his claim under the Sixth Amendment. In other words, the state court did not apply federal law, so § 2254(d)(1) does not apply to Stansbury's

---

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[4] 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

claim. Stansbury also objects to Judge Lloret's "selective[]" application of 28 U.S.C. § 2254(e)(1) to the state court's findings of fact, but not to its conclusions on mixed questions of law and fact. Obj. R&R 2, ECF No.156. By its plain language, § 2254(e)(1) does not bear on such mixed questions.[5] As to the findings of fact, under § 2254(e)(1) a federal habeas court must apply a "presumption of correctness" to the state court's "determination of a factual issue." Stansbury has the burden to rebut the presumption of correctness by clear and convincing evidence. *Id.* He argues the presumption "fell away when the state court engaged in fact-finding process without any evidence." Obj. R&R 3, ECF No. 156. Contrary to this assertion, the state court relied on the pertinent evidence, consisting of the procedural history of the case as reflected in the docket entries, when it considered his speedy trial claim.[6] *See* ECF No. 31-2 at 20. For this reason, § 2254(d)(2) does not apply to Stansbury's petition. Additionally, Stansbury's argument that Judge Lloret should have ordered the Commonwealth to produce the evidence the state court relied upon is misplaced, because Judge Lloret did so. *See* Order, Mar. 22, 2024, ECF No. 141; *see also* 28

---

[5] 28 U.S.C. § 2254(e)(1) states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

[6] Stansbury argues it is error to rely upon those docket entries because they "are not subject to the usual judicial procedures designed to ensure accuracy." Obj. R&R 1-2, ECF No. 156. In support of this assertion, he notes the docket does not reflect several defense continuances the state court granted him. *Id.* at 2. But under Pennsylvania law, oral motions made in open court during a trial or hearing need not be in writing. Pa. R. Crim. P 575.

Relatedly, but contradictorily, Stansbury also argues the R&R incorrectly found he made three continuance requests because no motions appear on the docket. Obj. R&R 3-4, ECF No. 156. This objection is unavailing given Rule 575.

U.S.C. § 2254(f).[7] And the Commonwealth produced that evidence.[8] *See* Suppl. Br., ECF No. 148,

and Exs., ECF Nos. 148-1-148-8. Stansbury failed to rebut the presumption of correctness,

When a state court has not adjudicated a claim in a habeas petition on the merits, but the

petitioner has properly preserved it, "the federal habeas court must conduct a de novo review over

pure legal questions and mixed questions of law and fact." *Appel v. Horn*, 250 F.3d 203, 210 (3d

Cir. 2001). Because the state court did not adjudicate Stansbury's speedy trial claim under the

Sixth Amendment, though he cited it on appeal, Judge Lloret conducted a de novo review of legal

questions and mixed questions of fact and law. *See* R&R 4, ECF No. 150. And because Stansbury

did not rebut the presumption of correctness, Judge Lloret correctly applied § 2254(e)(1) to the

state court's findings of fact. *See id.* at 4, 7-8 (citing case law).

The Court turns to Stansbury's objections to the R&R's analysis of the second *Barker*

factor, reason for delay. He first claims the R&R failed to weigh certain delays against the

Commonwealth. Obj. R&R 3, ECF No. 156. This argument mischaracterizes the R&R's

conclusions. The pertinent section of the R&R found 314 days of court delay attributable to

---

[7] 28 U.S.C. § 2254(f) states, in relevant part:

> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official.

[8] In his objections, Stansbury also argues Judge Lloret should have given him an opportunity to file a reply to the Commonwealth's supplemental briefing identifying the evidence on which the state court relied. Obj. R&R 1, ECF No. 156. This procedural objection has no merit for three reasons. First, Stansbury did not have a right to file a sur-reply. Second, additional briefing would not have been helpful to the court. Third, Stansbury had an opportunity to reply to the Commonwealth's supplemental briefing through his objections to the R&R.

negligence of court congestion. R&R 10, ECF No. 150. And Judge Lloret concluded these court delays "weigh only slightly in Mr. Stansbury's favor." *Id.* In weighing these delays for Stansbury, it follows the delays correspondingly weigh against the Commonwealth. To the extent Stansbury's objection lies in the "slight" weight assigned to this delay, the Court notes that as compared to "[a] deliberate effort by the Government to delay the trial," delays due to negligence or congestion weigh "less heavily" against the government. *Kennedy v. Superintendent Dallas SCI*, 50 F.4th 377, 383 (3d Cir. 2022) (citations omitted).

Stansbury also argues the R&R incorrectly attributes "the entire seven month delay between January 16, 2015 and August 10, 2015," to him. Obj. R&R 4 (ECF pagination), ECF No. 156. Again, this assertion is inaccurate. Judge Lloret agreed with the Commonwealth's analysis and attributed this period to Stansbury "except for an 11-day period between February 6 and February 17, 2015 and a two-month period between February 19 and April 23, 2015." R&R 9, ECF No. 150. Judge Lloret attributed those 83 days to the government. *Id.* at 10. Thus, the R&R does not attribute the entire period from January 16, 2015 to August 10, 2015 solely to Stansbury. Finally, he argues the R&R incorrectly attributed certain delays to him and should have relied upon the state court's conclusions instead. Obj. R&R 3, ECF No. 156. This objection, like the others, is misplaced. As discussed above, Judge Lloret correctly conducted a de novo review of mixed questions of law and fact.

Stansbury's remaining objections pertain to the R&R's analysis of the fourth *Barker* factor, prejudice to the defendant. Specifically, Stansbury argues Judge Lloret "failed to consider (i) that the Petitioner had a different jury in his second trial than his first [and] (ii) what kind of impact Mr. Scott's and Mr. Stansbury's testimonies could have had on the first jury." *Id.* The first argument is a non-starter: it is axiomatic that a mistrial requires a different jury in the second trial.

And the second argument completely ignores Judge Lloret's consideration of the defense witnesses' testimony vis-à-vis prejudice to Stansbury. *See* R&R 13-14, ECF No. 150. Unsurprisingly, Stansbury also disagrees with this part of the R&R. He contends he only needed to show witness unavailability, not the impact of witness testimony. Obj. R&R 3, ECF No. 156. This argument oversimplifies the applicable law, as *Barker* did not establish a black letter rule with respect to witness availability and prejudice. *See* 407 U.S. at 532 ("If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past."). Stansbury's argument also belies the facts, as recounted by him: Scott was unavailable at the first trial because Stansbury received late notification of his trial date, not because of the delay. *See* Pet'r's Pro Se Mot. Habeas Corpus Relief 8, ECF No. 108.

In sum, the Court finds no error in the R&R's scope of review or analysis of the *Barker* factors, and finds Stansbury's objections meritless. The Court will overrule the objections, approve and adopt the R&R, and deny the petition.

An appropriate Order follows.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.